UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW FOREST TILLMAN,

      Plaintiff,                                 Civil Action No. 15-cv-10091

vs.                                      HON. BERNARD A. FRIEDMAN

MEIJER, et al.,

      Defendants.
_____/

## OPINION AND ORDER DIRECTING THE CLERK OF COURT TO REOPEN AND TRANSFER CASE TO THE WESTERN DISTRICT OF MICHIGAN

### I.  Background

      This matter is presently before the Court on plaintiff's motion for relief from judgment [docket entry 7], seeking relief from the Court's January 21, 2015, order dismissing the complaint.   In that order, the Court determined that plaintiff's complaint failed to plead a cognizable claim under 42 U.S.C. § 1983 because it "failed to allege whether the underlying conviction, which gave rise to [plaintiff's] allegations of false arrest and malicious prosecution, was ever 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.'"   *See* Docket Entry 4. Plaintiff previously challenged this Court's order dismissing the complaint in his "motion to reinstate complaint and correct deficiency," which the Court construed as a motion for reconsideration under E.D. Mich. LR 7.1(h)(3).   The Court denied that motion in an order dated February 20, 2015.   *See* Docket Entry 6.

1

Upon further review of this matter, the Court shall grant plaintiff's Rule 60(b) motion [docket entry 7] to the following extent.  The Court shall (1) vacate its January 21, 2015, opinion and order granting plaintiff's application to proceed in forma pauperis and dismissing the complaint; (2) direct the Clerk of Court to reopen the case; (3) vacate its February 20, 2015, order denying plaintiff's motion for reconsideration[1]; and (4) transfer the matter to the United States District Court for the Western District of Michigan.

## II.  Discussion

### A.  Plaintiff's Case Shall be Re-Opened

Plaintiff brings the instant motion under Fed. R. Civ. P. 60(b)(1), seeking relief from the Court's January 21, 2015, opinion and order so that he can correct his pleading errors in the complaint, which he claims "w[]ere excusable neglect and a mistake on Plaintiff's behalf for not producing the attached Evidence."  *See* Pl.'s Mot., p. 3.  As noted, plaintiff's complaint was summarily dismissed because it failed to allege whether the underlying conviction giving rise to the § 1983 claim was ever reversed, expunged, or declared invalid.  The instant motion attempts to correct this deficiency.  Plaintiff claims that he was never convicted of the underlying offense (conspiracy to operate/maintain a lab involving methamphetamine) from which his § 1983 claim stems.  For support, plaintiff includes as an exhibit to his motion a copy of the "Order of Acquittal/Dismissal or Remand" from case number 2013-0725-FH from the 9th Judicial Circuit Court in Kalamazoo, Michigan, dismissing his criminal case without prejudice.  Thus, plaintiff's current motion corrects the pleading deficiency because it clarifies that

---

[1] To the extent the Court relied on *Cantley v. Armstrong*, 319 F. App'x 505, 507 (6th Cir. 2010), and *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), in its opinion and order denying plaintiff's motion for reconsideration, this was misplaced, as *Gunther v. Castineta*, 561 F. App'x 497 (6th Cir. 2014), is more controlling authority.

2

plaintiff's § 1983 claim stems not from the conviction for which he is currently serving a sentence, but from a criminal case that was ultimately dismissed.

Rule 60(b)(1) "permits courts to reopen judgments for reasons of 'mistake, inadvertence, surprise, or excusable neglect.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). In light of the information contained within plaintiff's motion for relief from judgment, the Court shall direct the Clerk of Court to reopen the case to the Court's active docket. Because the Court is transferring this case to the United States District Court for the Western District of Michigan, however, the Court shall not decide any other matters relating to this case, as those issues are more appropriately decided by the transferee court.

## B. The Case Shall be Transferred to the United States District Court for the Western District of Michigan

The proper venue for civil actions is the judicial district where (1) "any defendant resides if all defendants reside in the same state"; (2) "a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated"; or (3) "any defendant is subject to the court's personal jurisdiction," if the first two circumstances do not apply. *See* 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). " The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . it could have been brought." *See* 28 U.S.C. § 1406(a).

The conduct that forms the basis of the complaint occurred in Portage, Michigan. The defendants are also located in Portage. Portage is located in Kalamazoo County, which is in the Western District of Michigan, Southern Division. *See* 28 U.S.C. § 102(b). Thus, the

3

Western District of Michigan is the proper venue and forum for this action.

### III.    Conclusion

For the aforementioned reasons, plaintiff's Rule 60(b) motion [docket entry 7] is granted as follows:

IT IS ORDERED that the Court's January 21, 2015, opinion and order granting plaintiff's application to proceed in forma pauperis and dismissing the complaint is vacated.

IT IS FURTHER ORDERED that the Clerk of Court shall reopen the case.

IT IS FURTHER ORDERED that the Court's February 20, 2015, order denying plaintiff's motion for reconsideration is vacated.

IT IS FURTHER ORDERED that the Clerk of Court shall transfer this matter to the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).

s/ Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: May 1, 2015
        Detroit, Michigan