UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

MATTHEW TILLMAN,

        Plaintiff,                           Case No. 1:15-cv-459

v.                                            Honorable Paul L. Maloney

MEIJER STORE et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

### Factual Allegations

Plaintiff is incarcerated in the Cooper Street Correctional Facility. He is serving a sentence of 2 to 10 years imposed by the Kalamazoo County Circuit Court on June 10, 2013, after Plaintiff pleaded

guilty to possession of methamphetamine. In his *pro se* complaint, Plaintiff sues the Meijer store in Portage, Meijer Loss Prevention Officer Mark Degoede, Portage Police Officer Aaron Samuel Ham, City of Portage, Portage Police Department, City of Portage Department of Public Safety,[1] and Attorney Alan B. Koenig.

Plaintiff claims that false allegations made by Defendant Degoede resulted in his false arrest, malicious prosecution, and subsequent loss of $920.00 through forfeiture. According to Plaintiff, the Meijer store failed to properly train and supervise Defendant Degoede. Degoede allegedly used his friendship with Defendant Ham to subject Plaintiff to an illegal search and seizure, resulting in his false arrest. Plaintiff alleges that the City of Portage and the City of Portage Department of Public Safety, which employed Defendant Ham, "failed to properly train and supervise Officer Ham regarding adverse conflicts of interests personal relationships with city residents and abuse of Police Powers and Search and Seizure/False Arrest that resulted in the false arrest, malprosecution [sic] of Plaintiff and subsequent loss of Plaintiff's $920.00 through an illegal forfeiture." (Compl., docket #1, Page ID#3.) Plaintiff further claims that Defendant Koenig, his appointed counsel, failed to render adequate, effective and competent assistance in Plaintiff's defense.

For relief, Plaintiff seeks the return of his $920.00, as well as monetary damages against Defendants for violating his rights.

---

[1] The Portage Police Department and the City of Portage Department of Public Safety appear to be the same entity.

**Discussion**

I. <u>Failure to state a claim</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Plaintiff cannot maintain an action under § 1983 against Defendants Meijer and Koenig because they are not state actors. Meijer corporation, the owner of the Meijer store at issue in this case, is a private corporation. In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Plaintiff has not presented any allegations by which Meijer's conduct could be fairly attributed to the State. Accordingly, Plaintiff fails to state a claim against Defendant Meijer.

Likewise, Defendant Koenig was not acting under color of state law. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel performs a private, not an official, function:

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided

interest of his client." This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

454 U.S. at 318-19 (footnotes omitted). The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender. *Id.* at 321. The Court said that, once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program. *Id.* at 323. The Court held that, even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused. *Id.* at 325. Rather, defense counsel—whether privately retained or paid by the state—acts purely on behalf of the client and free from state control. *Id.* The Sixth Circuit has adhered to the holding in *Polk County* in numerous decisions. *See, e.g., Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (holding that, when performing traditional functions as counsel, a public defender is not a state actor); *Powers v. Hamilton Cnty. Pub. Defender*, 501 F.3d 592, 611 (6th Cir. 2007) (same); *Harmon v. Hamilton Cnty. Court of Common Pleas*, 83 F. App'x 766, 767 (6th Cir. 2003). Because Plaintiff's court-appointed attorney does not act under color of state law, no claim under § 1983 can be maintained against him.

To the extent that Plaintiff asserts claims of legal malpractice, these claims arise solely under state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir.

1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Accordingly, these claims will be dismissed without prejudice.

Plaintiff's claims for monetary and injunctive relief against the remaining Defendants are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court addressed whether an Indiana prison inmate could maintain a § 1983 suit in which he alleged that the prosecuting attorney and an Indiana State Police investigator violated his constitutional rights by conducting an illegal investigation leading to his arrest, destroying exculpatory evidence, and using an illegal voice-identification procedure at his trial. 512 U.S. at 478–79. The Supreme Court analogized Heck's § 1983 claim to a tort claim for malicious prosecution. *Id.* at 484. An element of a malicious-prosecution claim is a showing that the plaintiff prevailed in the criminal proceeding that gave rise to the malicious-prosecution lawsuit. The Court noted that this "favorable-termination requirement" protects against the risk of inconsistent judgments that could result from collateral attacks on criminal convictions. *Id.* at 484–85. Accordingly, the Supreme Court held that a § 1983 damages action in connection with an unlawful conviction or sentence will not lie unless the claimant, like a malicious-prosecution plaintiff, can show that the underlying conviction or sentence has been invalidated:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486–87. Moreover, the Supreme Court instructed that even if the plaintiff challenges something other than his conviction or sentence, where a ruling in his favor would "necessarily imply the invalidity of his conviction or sentence," the favorable-termination requirement applies:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487.

While Plaintiff does not specifically allege that the events alleged in the complaint resulted in a criminal conviction, it is clear from his claim of ineffective assistance of counsel that he was, in fact, convicted of a criminal offense. Under *Heck*, Plaintiff's claim of malicious prosecution necessarily implies the invalidity of his conviction or sentence. Plaintiff's claim of illegal search and seizure also is barred by *Heck*. "Fourth Amendment claims arising out of searches occurring prior to Plaintiff's guilty plea [are] precluded by *Heck v. Humphrey*, [512 U.S. at 487], on the grounds that a civil suit holding that these searches were improper would undermine the basis of Petitioner's guilty plea and sentence." *Jacob v. Twp. of West Bloomfield*, 531 F.3d 385, 388 (6th Cir. 2008); *see also Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 609-14 (6th Cir. 2014) (holding that *Heck* barred the plaintiff's civil rights action that police used excessive force in making an arrest where the plaintiff was convicted of resisting arrest based on the same underlying exercise of force); *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398-99 (6th Cir. 1999) (holding that, where an allegedly illegal search produced evidence used to obtain a conviction, the convicted cannot bring a § 1983 claim challenging the search until the conviction is overturned), *overruled in other part, Wallace v. Kato*, 549 U.S. 384, 393 (2007) (recognizing that *Heck* bars the pursuit of a Fourth Amendment arrest claim until the conviction is overturned, but concluding that

the action accrues at the time of the arrest). In addition, *Heck*'s favorable termination requirement has been applied to claims of false arrest. *See, e.g., Hancock v. Word*, 27 F. App'x 256, 257 (6th Cir. 2001). Therefore, Plaintiff's action is barred under *Heck* unless and until his criminal conviction has been invalidated.

Even if Plaintiff's claims were not barred by *Heck*, Plaintiff's conclusory allegations against Defendants Degoede and Ham are insufficient to state a claim. A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

Plaintiff makes only conclusory allegations that Defendants Degoede and Ham subjected him to a false arrest and illegal search and seizure. Plaintiff does not provide any factual allegations whatsoever in support of his claims. As such, the complaint does not contain sufficient facts from which the Court could draw a reasonable inference that Defendants are liable for the alleged misconduct.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)). Consequently, Plaintiff's claims against Defendants Degoede and Ham must be dismissed for failure to state a claim.

Likewise, Plaintiff fails to state a claim against Defendants City of Portage, Portage Police Department, City of Portage Department of Public Safety (hereinafter "Municipal Defendants"). A municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 453-54 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff. *Monell*, 436 U.S. at 690. The Sixth Circuit has explained that a "custom"

> . . . for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" includes deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.

*Claiborne Cnty.*, 103 F.3d at 507 (citations and quotations omitted). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that

policy.  *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509.

        Plaintiff's action fails at this first step because his allegations have not identified a policy or custom.  In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983.  A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.  *See Connick v, Thompson*, 131 S. Ct. 1350, 1359 (2011) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822–823 (1985)).  As a consequence, a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact.  *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).  As a result, a pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train.  *Connick*, 131 S. Ct. at 1360 (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997).

        Here, Plaintiff alleges only one isolated instance in which a Portage Police Officer allegedly violated his constitutional rights.  Plaintiff does not allege a pattern of similar constitutional violations by Officer Ham or other Portage police officers.  Plaintiff there, fails to state a claim against the Municipal Defendants for failure to train.

## Conclusion

        Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   July 13, 2015                    /s/ Paul L. Maloney
                                          Paul L. Maloney
                                          Chief United States District Judge